IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | Case No. 3:24-cr-178-MHL |
| | ) | Hon. M. Hannah Lauck |
| **CRISPIN ANTONIO ABAD,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### DEFENDANT'S MOTION FOR ORDER DIRECTING U.S. MARSHAL TO ARRANGE FOR INDIGENT DEFENDANT'S NONCUSTODIAL TRANSPORTATION TO COURT FOR INITIAL APPEARANCE

The defendant, Crispin Antonio Abad, respectfully moves for an order directing the United States Marshal to arrange for his noncustodial transportation from his home in Killeen, Texas, to Richmond, Virginia, where his appearance in court is required. First Seargeant ("1SG") Abad also asks the Court to order that his subsistence for his day of travel to Richmond be paid, either by the government or from Criminal Justice Act funds. 1SG Abad is indigent and cannot afford to pay his own travel expenses to appear for the hearing on January 28, 2025.[1]

**I.   Travel to court and funds for subsistence during travel should be paid by the U.S. Marshal pursuant to 18 U.S.C. § 4285.**

This Court has statutory authority to order that 1SG Abad's non-custodial travel be funded by the U.S. Marshal. Federal law provides:

> Any judge or magistrate judge of the United States, when ordering a person released under chapter 207 on a condition of his subsequent appearance before that court … may, when the interests of justice would be served thereby and the United States judge or magistrate judge is satisfied, after appropriate inquiry, that the defendant is financially unable to provide the necessary transportation to appear before the required court on his own, **direct the United States**

---

[1] 1SG Abad is not requesting lodging as he can fly back and forth from Dallas in one day.

1

> **marshal to arrange for that person's means of noncustodial transportation or furnish the fare for such transportation to the place where his appearance is required, and in addition may direct the United States marshal to furnish that person with an amount of money for subsistence expenses to his destination, not to exceed the amount authorized as a per diem allowance for travel under section 5702(a) of title 5, United States Code**. When so ordered, such expenses shall be paid by the marshal out of funds authorized by the Attorney General for such expenses.

18 U.S.C. § 4285 (emphasis added). Other federal courts have held that this statute provides for the relief sought here. For example, the court in *United States v. Gonzales*, held: "The plain language of section 4285, economic realities, and the dictates of the equal protection clause support the finding that, after appropriate financial inquiry, this Court may order the government to pay or arrange for the noncustodial transportation of defendant from Texas to Vermont to [appear in court]." 684 F. Supp. 838, 842 (D. Vt. 1988). Indeed, this Court granted a similar motion in 2021. *See United States v. Lassiter*, No. 2:21cr51 (E.D. Va. July 12, 2021) (Jackson, J.) (ordering United States Marshal to provide defendant's noncustodial transportation to court).

An "appropriate inquiry" reveals "that the defendant is financially unable to provide the necessary transportation to appear before the required court on his own." *See* § 4285. This Court has already determined that 1SG Abad is indigent, as evidenced by the appointment of an attorney in the Office of the Federal Public Defender. 1SG Abad is employed by the U.S. Army, but his current monthly expenses exceed his monthly income. Thus, 1SG Abad remains indigent and is without funds to pay for air travel.

1SG Abad needs to travel to Virginia for an initial appearance and plea hearing which will occur on the same day and cannot afford to pay for his own travel. His hearing is scheduled for January 28, 2025. To ensure that 1SG Abad is present in time for the hearings set for 1:30 PM and 2:00 PM and has the ability to meet with counsel prior to the hearings, counsel asks the Court to

order that 1SG Abad's travel arrangments allow him to arrive in Virginia by no later than noon on January 28, 2025.

The Supreme Court "has long recognized that when a State brings its judicial power to bear on an indigent defendant in a criminal proceeding, it must take steps to assure that the defendant has a fair opportunity to present his defense." *Ake v. Oklahoma*, 470 U.S. 68, 76 (1985). "This elementary principle, grounded in significant part on the Fourteenth Amendment's due process guarantee of fundamental fairness, derives from the belief that justice cannot be equal where, simply as a result of his poverty, a defendant is denied the opportunity to participate meaningfully in a judicial proceeding in which his liberty is at stake." *Id*. Those due process principles compel the conclusion that when the government calls an indigent defendant on bond to answer in a federal court some 1,400 miles from his home, it must provide him with travel to and from that federal court such that he is not effectively deprived of the ability to participate meaningfully in the judicial proceeding in which his liberty is at stake.

The Court could order the payment of 1SG Abad's return flight to Texas by following a similar approach taken by Judge Gleeson in *United States v. Mendoza*, and order funding of his return travel through the Criminal Justice Act. 734 F. Supp. 2d 281, 286 (E.D.N.Y. 2010) (Gleeson, J.). Like 1SG Abad, the defendants in *Mendoza* lived out of state, in California, but they were charged with a federal crime in Brooklyn, New York. *Id*. at 282. Also like 1SG Abad, the defendants in that case were neither a danger to the community nor a flight risk, so they were released on bail. *Id*. Like 1SG Abad, they had court-appointed lawyers. *Id*. "As their trial neared, they sought funds so that they could stay somewhere in the New York area for the two weeks that the prosecutors estimated the trial was going to last." *Id*.

3

Judge Gleeson observed that the "CJA requires each district court to operate 'a plan for furnishing representation for any person financially unable to obtain adequate representation.'" *Id*. at 286 (quoting 18 U.S.C. § 3006A). The CJA allows counsel to be reimbursed for expert, investigative, and "other services necessary for an adequate representation." *Id*. The *Mendoza* court held that "the term 'other services' might be read to include lodging for a defendant during trial." *Id*. In the event that the United State Marshals Service refuse to pay for the return trip to Texas, this Court should order that Criminal Justice Act funds be used to pay for this return trip. Thus far, in every motion for transportation costs filed by counsel in other cases, the United States Marshal refuses to pay for the return trip, citing a literal and not logical reading of 18 U.S.C. § 4285.[2]

## Conclusion

1SG Abad respectfully asks the Court to enter an order directing the U.S. Marshal to arrange for 1SG Abad's noncustodial transportation to Richmond, Virginia and the return trip to Killeen, Texas. *See* 18 U.S.C. § 4285. Logic dictates that the statute authorizing the United States Marshal to transport an indigent defendant *to* court should also require the non-custodial return of that defendant to his/her home.

---

[2] "Payment for lodging for a defendant who would otherwise be homeless could be said to be necessary 'for an adequate representation'; a defendant who sleeps on the streets is not going to be fit for a trial the next morning." *Id*. Judge Gleeson "concluded that the only acceptable option in this case was to make use of the judiciary's budget for criminal defense attorneys," so he "asked the defense attorneys to book their clients into a modestly-priced hotel for the duration of the trial, and to pay the hotel bills with their credit cards." *Id*. The court then directed that those expenses be "reimbursed from CJA funds." *Id*. However, due to ethical responsibilties, the Court must reimburse 1SG Abad, or order the United State Marshals to pay for his travel, as counsel cannot be involved with advancing any money to 1SG Abad.

        Respectfully submitted,
        CRISPIN ANTONIO ABAD

By: _____/s/_____
        Carolyn V. Grady
        Assistant Federal Public Defender
        Va. Bar #30445
        Attorney for Crispin Antonio Abad
        Office of the Federal Public Defender
        Eastern District of Virginia
        701 E. Broad Street, Suite 3600
        Richmond, VA 23219
        (804) 565-0855 (direct)
        (804) 800-4214 (fax)
        Carolyn_Grady@fd.org